Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA HELLER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LABORATORY CORPORATION OF AMERICA d/b/a LCA COLLECTIONS,<br><br>Defendant. | Case No.<br><br>**Class Action Complaint For Violations Of:**<br><br>**1. The Fair Debt Collection Practices Act, 15 U.S.C. §§1692, et seq.; and**<br><br>**2. The Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code* §§1788, et seq.**<br><br>**Jury Trial Demanded** |

## Introduction

**1.** This case arises as a result of false, deceptive, and unfair debt-collection practices promulgated nationwide by Defendant, LABORATORY CORPORATION OF AMERICA d/b/a LCA COLLECTIONS ("Defendant"),

in its collection letter campaigns wherein Defendant misrepresents consumer and debtor rights.

2. In particular, Plaintiff, REBECCA HELLER ("Plaintiff"), alleges that within the year preceding the filing of this Complaint, Defendant attempted to collect debts from her and other consumers and debtors by systematically sending them mail based collection correspondence that overshadow the disclosure requirements under Federal and State statutes and making material misrepresentations that are inconsistent with the disclosure requirements aforementioned in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g(a) & 1692g(b).

3. Furthermore, pursuant to *Cal. Civ. Code* §§ 1812.700(a) & (b), debt collectors subject to the FDCPA communicating with California consumers in connection with the collection of alleged debts must, additionally to the requirements of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), *Cal. Civ. Code* § 1788.10, include the following disclosure language in their first written communication with California consumers:

> "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your

2
**CLASS ACTION COMPLAINT**

attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

4. Plaintiff alleges that Defendant made such misrepresentations and omissions in its communications with Plaintiff in connection with the alleged debt described herein.

5. Such conduct is inherently deceptive and misleads the least-sophisticated consumer.

6. Defendant's acts and omissions were intentional and resulted from Defendant's desire to mislead debtors and consumers into making payments without apprising them of their rights under both Federal and State laws.

7. Thus, Plaintiff brings his class action claims against Defendant, under the Federal FDCPA and the RFDCPA, both of which were enacted to "eliminate abusive debt collection practices by debt collectors," and to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. 1692(e); *Cal. Civ. Code* §1788.1(b), respectively.

## Jurisdiction and Venue

8. The Court has jurisdiction over Plaintiff's FDCPA cause of action pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over Plaintiff's RFDCPA claim pursuant to 28 U.S.C. §1367.

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**9.** Venue is proper in the Central District of California pursuant to 18 U.S.C. § 1391(b) because Defendant does business within the Central District of California, and because Plaintiff is a resident of Ventura County, California, which is within the Central District of California.

## **The Parties**

**10.** Plaintiff is a natural person residing in Ventura County, State of California who is allegedly obligated to pay a debt, and from whom a debt collector seeks to collect a consumer debt which is alleged to be due and owing, thereby rendering him a "consumer" under the FDCPA, 15 U.S.C. §1692a(3), and a "debtor" under the RFDCPA, *Cal. Civ. Code* §1788.2(h).

**11.** Defendant is a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, Defendant is a "debt collector," under the FDCPA, 15 U.S.C. §1692(a)6. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection, thereby qualifying it as a "debt collector," under the RFDCPA, *Cal. Civ. Code* §1788.2(c).

4
**CLASS ACTION COMPLAINT**

**12.** Furthermore, Defendant uses a name other than its own which indicates that a third person is collecting or attempting to collect such debts such that it is a debt collector under 15 U.S.C. § 1692a(6).

**13.** The debts Defendant attempted to collect from Plaintiff and the putative class members qualify as "debt(s)," under the FDCPA, 5 U.S.C. §1692a(5), and as "consumer debt(s)," under the RFDCPA, *Cal. Civ. Code* §1788.2(f).

### Factual Allegations

**14.** Within one (1) year preceding the filing of this class action lawsuit, Defendant mailed Plaintiff a collection letter dated March 6, 2019, from "LCA COLLECTIONS." A true and correct redacted copy of the letter is attached hereto as Exhibit A.

**15.** The alleged debt Defendant attempted to collect from Plaintiff is for $3.12 originating from LabCorp (Laboratory Corporation of America).

**16.** Defendant represented in the letter that "…if this bill is not satisfied immediately, it will be listed as a severely delinquent account and further collection activities will proceed. Your payment is expected today."

**17.** Nowhere does the collection letter provide Plaintiff notice that unless Plaintiff disputes the debt within thirty (30) days of the initial communication, Defendant will assume the debt's validity.

**CLASS ACTION COMPLAINT**

18. Nowhere does the collection letter provide Plaintiff notice that Defendant must verify the debt in writing if Plaintiff sends Defendant written notice of dispute within thirty (30) days of the initial communication.

19. Defendant failed to include the disclosure language required by *Cal. Civ. Code* §§ 1812.700(a) & (b) in its letter to Plaintiff.

20. Ultimately, these communications mislead Plaintiff as to the nature of her rights. Furthermore, Plaintiff felt harassed, anxious, and annoyed as a result of Defendant's conduct.

21. Further, despite listing and holding out itself as "LCA COLLECTIONS," the address and information associated with the letter is in fact the information of Laboratory Corporation of America. The letter provides for payment to be made to "LCA COLLECTIONS" at "P.O. Box 2249, Burlington, North Carolina." This address is the exact business address of Defendant LABORATORY CORPORATION OF AMERICA. Further, the phone number on the letter indicated for "LCA COLLECTIONS" is the same phone number as LABORATORY CORPORATION OF AMERICA  Thus, Defendant is improperly using an alias in the collection of the debts in violation of 15 U.S.C. § 1692e(14).

///

///

## **Class Allegations**

22.Plaintiff brings this class action on behalf of himself and all others similarly situated ("the Class") defined as:

> All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that stated that consumers or debtors have less than 30 days to dispute the debt or request validation and that Defendant will otherwise assume the debt's validity, failed to disclose in Defendant's first writing the notice requirements of *Cal. Civ. Code* § 1812.700(a), used a business name other than the true name of Defendant's company, or sought to collect a "Collections Fee" that was not authorized by law or contract.

23.Plaintiff brings this class action on behalf of himself and all other California residents similarly situated ("the California Class"):

> All persons residing in the California, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that stated that consumers or debtors have less than 30 days to dispute the debt or request validation and that Defendant will otherwise assume the debt's validity, failed to disclose in Defendant's first writing the notice requirements of *Cal.*

**CLASS ACTION COMPLAINT**

*Civ. Code* § 1812.700(a), used a business name other than the true name of Defendant's company, or sought to collect a "Collections Fee" that was not authorized by law or contract.

24. Collectively, the Class and California Class will be referred hereinafter as "the Classes."

25. As a result of Defendant's conduct, Plaintiff and members of the Classes have been deprived of accurate and valid information regarding their rights and the obligations of debt collectors like Defendant. Defendant mislead Plaintiff and the Classes into believing, through Defendant's material omissions, that they lacked certain rights and Defendant lacked certain obligations.

26. Defendant and its employees or agents are excluded from the Classes. Plaintiffs do not know the number of members in the Classes, but believes the Classes members number to be in the tens of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

27. This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Classes and is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Classes definitions to seek recovery on behalf

8
**CLASS ACTION COMPLAINT**

of additional persons as warranted as facts are learned in further investigation and discovery.

28. The joinder of the Classes members is impractical and the disposition of their claims in the Classes action will provide substantial benefits both to the parties and to the court.  The Classes can be identified through Defendant's records or Defendant's agents' records.

29. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Classes predominate over questions which may affect individual Classes members, including the following:

    a. Whether, within the one (1) year preceding the filing of this Complaint, Defendant communicated with consumers in connection with debt collection and:

        i. Failed to notify in writing within five (5) days after the communication that the debt will be assumed valid unless consumer disputes the debt within thirty (30) days;

        ii. Failed to notify in writing within five (5) days after the communication that Defendant must verify the debt if Plaintiff disputes the debt within thirty (30) days;

**CLASS ACTION COMPLAINT**

iii.  Overshadowed the disclosures required by the FDCPA, 15 U.S.C. § 1692g(a);

iv.  Made representations to Plaintiff during the 30-day dispute period–that are inconsistent with the disclosures required by 15 U.S.C. § 1692g(a);

v.  Failed to provide the disclosures required by 15 U.S.C. § 1692g(a);

vi.  Failed to provide in its first written communication the disclosure language from *Cal. Civ. Code* § 1812.700(a); and

vii.  Sought to collect a fee not authorized by law or contract.

b.  Whether Plaintiffs and the Classes members were damaged thereby, and the extent of damages for such violation; and

c.  Whether Defendant should be enjoined from engaging in such conduct in the future.

30. As a person who received the grossly inadequate and misleading collection letter from Defendant, Plaintiff is asserting claims that are typical of the Classes.  Plaintiff will fairly and adequately represent and protect the interests of the Classes in that Plaintiff has no interests antagonistic to any member of the Classes.

**CLASS ACTION COMPLAINT**

**31.** Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct, resulting in consumers who continue to lack notice of their rights and Defendant's obligations.

**32.** Because of the size of the individual Classes member's claims, few, if any, Classes members could afford to seek legal redress for the wrongs complained of herein.

**33.** Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA and RFDCPA.

**34.** A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Classes members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA and/or RFDCPA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

**CLASS ACTION COMPLAINT**

**35.** Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

**<u>First Cause of Action: Violation of the Fair Debt Collection Practices Act</u>**

*Individually and on Behalf of the Class*

**36.** Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

**37.** A debt collector must make the disclosure required by FDCPA § 1692g(a)(3) which Defendant failed to do.

**38.** A debt collector must make the disclosure required by FDCPA § 1692g(a)(4) which Defendant failed to do.

**39.** A debt collector must not overshadow the disclosures required by 15 U.S.C. § 1692g(a) during the thirty (30) day dispute period, which Defendant in fact did.

**40.** A debt collector must not make representations to consumers or debtors during the thirty (30) day dispute period that are inconsistent with the disclosures required by 15 U.S.C. § 1692g(b), which Defendant failed to do.

**41.** A debt collector must not seek to collect amounts not authorized by law or contract under 15 U.S.C. § 1692(f)(1).  Defendant sought to collect a $25.00 "collection fee" in its letters which was not authorized by law or contract.

**CLASS ACTION COMPLAINT**

**42.** A debt collector may not use an alias other than its true business name in the collection of a debt under 15 U.S.C. § 1692(e)(14). Defendant used the improper alias "Springbok Recovery Group" in its letters in violation of this provision.

**43.** As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3)

<u>**Prayer for Damages**</u>

Wherefore, Plaintiff respectfully requests the Court grant Plaintiffs and the Class members the following relief against Defendant:

a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

b. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to 15 U.S.C. §1692k(a)(1)

c. For actual damages according to proof;

d. For reasonable attorneys' fees and costs of suit;

e. For prejudgment interest at the legal rate; and

f. For such further relief as this Court deems necessary, just, and proper.

**CLASS ACTION COMPLAINT**

## Second Cause of Action: Violation of the
## Rosenthal Fair Debt Collection Practices Act
*Individually and on behalf of the California Class*

44. Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

45. A debt collector must make the disclosure required by *Cal. Civ. Code* § 1812.700(a) and must do so in its first writing to consumers in connection with debt collection under *Cal. Civ. Code* § 1812.700(b) which Defendant failed to do.

46. Furthermore, pursuant to §1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. The references to federal codes in this section refer to those codes as they read January 1, 2001." *Cal. Civ. Code* §1788.17.

47. Thus by engaging in conduct prohibited by Sections g(a)(3) and g(a)(4) of the FDCPA, Defendant violated the RFDCPA.

48. As a direct proximate result of Defendant's conduct, Plaintiff and the California Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each,

actual damages and reasonably incurred attorney's fees and costs. *Cal. Civ. Code* §1788.30.

### **Prayer for Damages**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the California Class members the following relief against Defendant:

a. That this action be certified as a class action on behalf of the California Class and Plaintiff be appointed as the representative of the California Class;

b. For statutory damages of $1,000.00 for Plaintiff and each member of the California Class pursuant to *Cal. Civ. Code* §1788.30.

c. For actual damages according to proof;

d. For reasonable attorneys' fees and costs of suit;

e. For prejudgment interest at the legal rate; and

f. For such further relief as this Court deems necessary, just, and proper.

///
///
///
///
///
///
///

**CLASS ACTION COMPLAINT**

1

## **Trial by Jury**

2          Pursuant to the seventh amendment to the Constitution of the United States

3

4    of America, Plaintiff is entitled to, hereby does demand a jury trial.

5    Dated: January 15, 2020.

6

7    By:/s/Todd M. Friedman
     Todd M. Friedman, Esq.
8    **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
     Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**
**Letter**

**CLASS ACTION COMPLAINT**



# LCA COLLECTIONS:

### An In-House Division of Laboratory Corporation of America

**PAST DUE**

**TAX ID# : 84-0611484**
**833725332810**

**8531**

**REBECCA HELLER**

**SIMI VALLEY, CA 93065-2750**

| | |
|---|---|
| **PATIENT:** | **REBECCA HELLER** |
| **INVOICE DATE:** | **03/16/19** |

| | | |
|---|---|---|
| **INVOICE/FACTURA:** | | **8531** |
| **AMOUNT DUE:** | | **$3.12** |

Payments made via
an online banking
service must include
this invoice number.

| | |
|---|---|
| **DATE OF SERVICE:** | **12/03/18** |
| **TEST REQUESTED BY:** | **CARENOW WESTLAKE VILLAGE** |

## Immediate Payment Required

Our records indicate your debt to LabCorp has not been satisfied and is seriously past due.  **It is not our wish to have this matter handled as a collection issue.  However, if this bill is not satisfied immediately, it will be listed as a severely delinquent account and further collection activities will proceed.  Your payment is expected today.**

You can satisfy this obligation by:

1 )  **Calling 1-800-845-6167;**
2 )  **Paying by check using the envelope provided; or**
3 )  **Paying by check or credit card online at www.labcorp.com/billing.**

**Act immediately.**

LabCorp reserves the right to refuse laboratory services for failure to pay for past services.

**IMPORTANTE:  Su cuenta esta vencida.  Tenemos agentes bilingues disponibles para asistirle. Llamenos ahora para resolver su situacion.**

**** CALL 1-800-845-6167 BETWEEN 8:00AM - 8:00PM EST MONDAY - FRIDAY ****

PTLCA19075 002974 01 01 00

FOR PROPER CREDIT, RETURN THIS PORTION WITH YOUR PAYMENT

**SIMI VALLEY, CA 93065-2750**

PLEASE DO <u>NOT</u> SEND CASH

**FOR:  REBECCA HELLER**

MAKE CHECK OR MONEY ORDER PAYABLE TO:

**WEB PAYMENT OPTIONS ARE AVAILABLE AT:**

**www.labcorp.com/billing**

Payments made via an online banking
service must include invoice# 46448531

**LABORATORY CORPORATION OF AMERICA**
**P.O. BOX 2240**
**BURLINGTON, NORTH CAROLINA  27216-2240**

<u>TERMS</u> PAYABLE ON RECEIPT

| **INVOICE/FACTURA** |
|---|
| **8531** |
| **PAY THIS AMOUNT** |
| **$3.12** |

RELLEH*CEBER****   83372533   2810****   4   0003128